IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ING BANK, FSB, | No. CIV S-11-2400-KJM-CMK |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| MARSHALL-EDWARDS MIKELS, et al., | |
| Defendants. | |
| _____/ | |

This case was removed to this court from the Siskiyou County Superior Court by the defendants, proceeding *in propria persona*. This action was referred to the undersigned for all proceedings pursuant to Eastern District of California Local Rules 302-304.[1] Pending before the court is plaintiff's motion to remand (Doc. 3). A hearing was on the motion was set for December 1, 2011. Ronald Burns appeared for plaintiff; defendant Marshall-Edwards Mikels appeared *in propria persona*. As no timely opposition was filed with the court, the defendants were not entitled to be heard in opposition to the motion at oral arguments. See Local Rule

---

[1] Local Rule 302 refers all actions involving parties appearing *in propria persona* to the assigned Magistrate Judge pursuant to 28 U.S.C. § 636(a), (b)(1). The court acknowledges the defendants' decline of Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c). However that has no effect on the referral to the assigned Magistrate Judge for these proceedings.

1

230(c).

**Background**

This action was originally filed as an unlawful detainer action in the Superior Court of California, County of Siskiyou, on June 29, 2011.  The action is based on California Code of Civil Procedure § 1161a.  The complaint states the amount demanded does not exceed $10,000.00.  Plaintiff alleges in the complaint that it is the owner of the property at issue, purchased at a trustee's sale following foreclosure.  However, defendants have continued to possess the property without plaintiff's permission, even after being served with a written notice to quit.  Plaintiff alleges the reasonable value of the use and occupancy of the property is at least $50.00 per day, accumulative since June 21, 2011.  Plaintiff seeks restitution and possession of the property, damages in the amount of at least $50.00 per day from June 21, 2011, and costs of suit. (Compl. for Unlawful Detainer (Complaint), attached to Motion for Remand (Doc. 3)).

On September 12, 2011, defendants filed a notice of removal, pursuant to 28 U.S.C. § 1331, indicating that this court has jurisdiction over this action as it raises a federal question.  It appears that defendants are attempting to alter the nature of this action from one arising under California's unlawful detainer laws to one for violations of, *inter alia*, the Federal Truth in Lending Act.  The notice of removal also indicates this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.   In response to the notice of removal, plaintiff filed the pending motion for remand on September 21, 2011.  Originally set for hearing on November 2, 2011, the court partially granted defendants' request for an extension of time by resetting the hearing for December 1, 2011, and extending the date for any opposition to be file to November 17, 2011.

**Motion for Remand**

Plaintiff brings the motion for remand on the basis that no diversity jurisdiction exists as the amount in controversy is less than $75,000, and no federal question is raised in the complaint.  Despite being give additional time to do so, defendants failed to file a timely opposition disputing either basis.

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). In order for a federal court to have jurisdiction over a specific action, the case must either arise under the Constitution or laws of the United States or involve citizens of different states where the amount in controversy exceeds $75,000. See 28 U.S.C. § 1331, 1332. "[I]t is well established that the plaintiff is 'master of her complaint' and can plead to avoid federal jurisdiction." Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 997-98 (9th Cir. 2007) (citations omitted). "The defendant bears the burden of establishing that removal is proper." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal status is strictly construed against removal jurisdiction," id., and removal jurisdiction "'must be rejected if there is any doubt as to the right of removal in the first instance.'" Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1106 (9th Cir. 2010) (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)).

In relevant part, the federal removal statue provides:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending . . . .
>
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(a), (b).

To the extent defendants base the removal of this action on this court's federal question jurisdiction, such jurisdiction does not exist. District courts have federal question jurisdiction over "all civil actions that arise under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on

3

some construction of federal law.'" Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (modification in original) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Placer Dome, Inc., 582 F.3d at 1091. "[A] counterclaim - which appears as part of the defendant's answer, not as part of the plaintiff's complaint - cannot serve as the basis for 'arising under' jurisdiction." Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002).

Here, the unlawful detainer complaint filed in State court is only premised on California law. No federal question is present, and thus no basis for federal question jurisdiction, appears on the face of the complaint. While defendants indicate in their notice of removal that plaintiffs have somehow violated the Federal Truth in Lending Act, this assertion relates to a potential counterclaim, which is not considered in evaluating whether a federal question appears on the face of a plaintiff's complaint. See Vaden v. Discover Bank, 556 U.S. 49, 129 S. Ct. 1262, 1272 (2009) (stating that federal question jurisdiction cannot "rest upon an actual or anticipated counterclaim"). Accordingly, federal question jurisdiction does not provide a proper basis for removal.

The next possible basis for this court's jurisdiction is diversity jurisdiction. District courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs," and the action is between "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332; see also Geographic Expeditions, Inc., 599 F.3d at 1106.

/ / /

Neither party is challenging the diversity of citizenship.  Rather, plaintiff argues the amount in controversy does not exceed $75,000.  When a state court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the party seeking removal must prove with "legal certainty" that the jurisdictional amount is met.  See Lowdermilk, 479 F.3d at 1000.  The complaint filed in this action states unequivocally that the amount in controversy is less than $10,000.  (Complaint at 1).  Defendants' notice of removal alleges the amount in controversy does exceed the $75,000 required, but they have not provided any evidence or argument sustaining that allegation.  To the extent defendants argue their counterclaims for violations of the Federal Truth in Lending Act raise the amount in controversy over the minimum required, this argument is not supported by law.   The amount in controversy is determined without regard to any setoff or counterclaim to which defendant may be entitled.  See Snow v. Ford Motor Co., 561 F.2d 787, 789 (9th Cir. 1977).  Thus, the amount in controversy is insufficient to provide this court with diversity jurisdiction.

**Conclusion**

Based on the foregoing, the undersigned concludes that this court lacks jurisdiction over this action, and this case should be remanded to the State court.  There is no federal question raised in the complaint, which is predicated on California state law.  In addition, no diversity jurisdiction exists as the amount in controversy is less than $75,000.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to remand (Doc. 3) be granted; and

2. This matter be remanded to the Superior Court of the State of California, County of Siskiyou.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written

1 | objections with the court.  Responses to objections shall be filed within 14 days after service of
2 | objections.  Failure to file objections within the specified time may waive the right to appeal.
3 | See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

 DATED:  December 1, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE