IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ING BANK, FSB,                                                   No. CIV S-11-2400-KJM-CMK

        Plaintiff,

    vs.                                                                      <u>ORDER</u>

MARSHALL-EDWARDS MIKELS, et al.,

        Defendants.

_____/

        This action was removed to this court from the Siskiyou County Superior Court by the defendants, proceeding *in propria persona*. The matter was referred to a United States Magistrate Judge as provided by Eastern District of California local rules.

        On December 2, 2011, the magistrate judge filed findings and recommendations, which were served on the parties and which contained notice that the parties may file objections within a specified time. Defendants have filed timely objections to the findings and recommendations. (ECF 18.)

        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. In their objections, defendants request a hearing before a district judge as they have declined the jurisdiction of the magistrate

1 judge. This request is denied. Local Rule 302(c)(21) provides that "[i]n Sacramento, all actions
2 in which all the plaintiffs or defendants are proceeding *in propria persona*" are handled by the
3 magistrate judge assigned to the case. The court notes that in their declaration, defendants
4 contend they are not proceeding *in propria persona*, but that defendant Marshall Mikels
5 appeared as "A Private Living Sovereign Man by Special Appearance Rogatory as the
6 Authorized Representative for Defendant(s)," which makes him "an attorney in fact." (Mikels
7 Decl. at 5, ECF 16.) "*In propria persona*" in Latin means "in one's own person" and is
8 synonymous with "*pro se*" which means "[f]or oneself; on one's own behalf; without a lawyer."
9 BLACK'S LAW DICTIONARY (9th ed. 2009). Defendant Marshall Mikels is not an attorney;[1]
10 defendants are proceeding without a lawyer. Therefore, defendants are proceeding *in propria*
11 *persona*. Defendants also maintain that the hearing on this motion should have been rescheduled
12 as they were traveling and that they should have been allotted more time to file an opposition to
13 the motion. (Mikels Decl. at 6.) It is well established that the court may reasonably control its
14 docket. Moreover, defendants were not prejudiced as they had ample time to submit an
15 opposition: plaintiff filed its motion on September 21, 2011, the hearing took place on
16 December 1, 2011, and defendants were traveling from November 10, 2011 to November 24,
17 2011. Defendants' other contentions go to the merits of plaintiff's complaint and are not
18 appropriately considered here.

19 The Ninth Circuit "strictly construe[s] the removal statute against removal
20 jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863,
21 F.2d 662, 663 (9th Cir. 1988); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818
22 (9th Cir. 1985)). There is a "strong presumption" against removal jurisdiction, which "means
23 that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d
24 at 566. "If at any time before final judgment it appears that the district court lacks subject matter

---

[1] For a list of requirements to practice law in California, defendants may wish to consult the California State Bar's website.

2

1  jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  As set out in the findings and
2  recommendations, defendants have not established that removal was proper.  Specifically,
3  although defendants contend that the amount in controversy exceeds $75,000 because the
4  property is valued at $270,000 (Opp'n at 11, ECF 18), plaintiff's complaint states a claim for
5  unlawful detainer and seeks less than $10,000 in damages (Mot. at 2, ECF 3-1).  In determining
6  the amount in controversy for purposes of removal jurisdiction, the court looks to the amount
7  stated in the complaint, not at the value of possible counterclaims.  *See Dir. RLA v. Cape Cod*
8  *Biolab Corp.*, No. C-01-3675 PJH, 2001 U.S. Dist. LEXIS 20294, at *7-8 (N.D. Cal. Nov. 30,
9  2001).

10          Having carefully reviewed the file, the court finds the findings and
11  recommendations to be supported by the record and by the proper analysis.  Accordingly, IT IS
12  HEREBY ORDERED that:
13          1.      The findings and recommendations filed December 2, 2011, are adopted in
14  full;
15          2.      Plaintiff's motion to remand (ECF 3) is granted;
16          3.      This matter is remanded to the Superior Court of California, County of
17  Siskiyou; and
18          4.      This case is closed.
19  DATED:  March 23, 2012.

                                    _____
                                    UNITED STATES DISTRICT JUDGE

3